Jimmie W. Pursell, Jr. – 19957
jpursell@jsslaw.com
R. Ryan Womack – 029573
rwomack@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street, Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Dorothy Lever,<br><br>                    Plaintiff,<br><br>vs.<br><br>Overtyme Inc. dba Hatch Toyota,<br><br>                    Defendant. | No. CV-14-08163-PCT-SRB<br><br>**DEFENDANT'S MOTION FOR ATTORNEYS' FEES** |

Defendant Overtyme Inc. dba Hatch Toyota ("Overtyme" or "Defendant"), by and through its undersigned counsel, hereby moves this Court, pursuant to Fed.R.Civ.P. 54(d), to award its reasonable attorneys' fees, as the prevailing party in the aforementioned case. This motion is supported by the memorandum of points and authorities below, the factual record, and all pleadings filed in this matter.

### MEMORANDUM OF POINTS AND AUTHORITIES

On September 3, 2014, Plaintiff filed a Complaint against Overtyme alleging the loan agreement between the parties for the purchase of an automobile inaccurately disclosed the Annual Percentage Rate. Following motions by both parties regarding arbitration and dismissal, judgment was entered in this action on November 18, 2014, granting Overtyme's Motion to Compel Arbitration and dismissing Plaintiff's action without prejudice.

4850432v1(63610.5)

This Court is authorized under A.R.S. § 12-341.01 to award reasonable attorneys' fees to the "successful party" in a contested action arising out of contract. A "contested action is one in which the defendant has appeared and generally defends against the claims and demands made by the plaintiff." *Morrison v. Shanwick Intern. Corp.*, 167 Ariz. 39, 46, 804 P.2d 768, 776 (App. 1990). "A defendant against whom a contract action is dismissed without prejudice is considered a 'successful party.'" *Sandstone Mktg., Inc. v. Precision Converters, Inc.*, No. CV 12-01176-PHX-FJM, 2012 WL 6217539, at *1 (D. Ariz. Dec. 13, 2012) (citing *Britt v. Steffen*, 220 Ariz. 265, 267, 205 P.3d 357, 359 (App. 2008)). In *Sandstone*, this Court found that an award of attorneys' fees is appropriate when a plaintiff's claims are determined to be subject to arbitration and the contested action is dismissed without prejudice. *Id.*

Under A.R.S. § 341.01(B), an award of fees "should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense." To determine whether a fees award is appropriate, the following factors are considered: "(1) whether the unsuccessful party's claims were meritorious; (2) whether the litigation could have been avoided or settled; (3) whether assessing fees would cause extreme hardship; (4) whether the successful party prevailed with respect to all relief sought; (5) whether the legal question was novel; and (6) whether an award would discourage other parties with tenable claims from litigating them." *Id*. (citing *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985)).

Plaintiff filed a complaint asserting a claim that was the subject of a clear and unambiguous arbitration agreement. In Plaintiff's response to Overtyme's motion, Plaintiff freely admitted that her claim was subject to arbitration. Plaintiff's claim, when brought in District Court, was not meritorious. Nevertheless, Plaintiff contested dismissal of the action. Further, the present litigation would have been avoided if Plaintiff had submitted her claim to arbitration first. The enforceability of the arbitration provision is not a novel issue, and no evidence has shown fees would cause extreme hardship. There is also no evidence that an award of fees would discourage other parties

4850432v1(63610.5)                                   - 2 -

from litigating tenable claims.  To the contrary, such an award may discourage parties from filing suit prior to determining whether arbitration is applicable.  *See Sandstone*, 2012 WL 6217539, at *2 (awarding attorneys' fees to defendants after finding plaintiff's claims were subject to arbitration and dismissing action without prejudice).

The requested attorneys' fees are reasonable and necessary in light of the claim brought against Overtyme.  As the attached detail of time entries establishes, Overtyme has incurred $1,950.00 in attorneys' fees as a direct result of Plaintiff's claim in this Court.  Overtyme respectfully requests that this Court award Overtyme its reasonable attorneys' fees incurred in this action, and for such other and further relief as the Court may deem just and proper.

DATED this 2nd day of December, 2014.

JENNINGS, STROUSS & SALMON, P.L.C.

By:_____s/R. Ryan Womack_____

Jimmie W. Pursell, Jr.
R. Ryan Womack
One East Washington Street, Suite 1900
Phoenix, AZ   85004-2554
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

☒    I hereby certify that on December 2, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Russell S. Thompson, IV
rthompson@consumerlawinfo.com
Joseph Panvini
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ  85206
Attorneys for Plaintiff


By____s/Estela G. Blackmountain_____